O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

      v.

SANDRA KAY LYNCH,

           Defendant.

CASE NO.: SACR 11-00209-JLS-11

**ORDER DENYING DEFENDANT'S MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL OR A NEW TRIAL (DOC. 812)**

    Before the Court is defendant Sandra Kay Lynch's Motion for Post-Verdict Judgment of Acquittal or a New Trial. (Doc. 812.) The Government filed an opposition (Doc. 815) but Defendant did not reply. After reviewing the papers and supporting documentation submitted by the parties, and having taken the matter under submission, Defendant's Motion is DENIED.

**I.     BACKGROUND**

    Sandra Kay Lynch ("Lynch" or "Defendant") was charged with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, for agreeing to file false federal income tax returns with the Internal Revenue Service ("IRS") (Count One). (*See* SACR 11-209 Indictment, Doc. 1 ¶ 9.) Following a jury trial, Lynch was acquitted of this conspiracy count. (Doc. 816.) However, Lynch was

1

also charged with, and convicted of, two counts of making false, fictitious or fraudulent claims against the United States in violation of 18 U.S.C. § 287 ("section 287") (Counts Eighty-Seven and Eighty-Eight).[1]  (*See* Indictment ¶¶ 76-79.)  In particular, Lynch was charged with causing two false federal individual tax returns to be filed with the IRS, which collectively claimed nearly $750,000 in false tax refunds.  Count Eighty-Seven charged Lynch with the filing a false federal income tax return on behalf of Marva Dillon, which sought a refund of $430,582, while Count Eighty-Eight charged her with the filing a false federal income tax return on behalf of Ronnie Pratt, which sought a refund of $315,656.  (*See id.*)  Lynch was also charged with aiding and abetting these two substantive offenses, pursuant to 18 U.S.C. § 2.  (*See id.*)

Defendant has since moved for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, on the ground that the evidence introduced at trial was insufficient for a reasonable jury to find her guilty of Counts Eighty-Seven and Eighty-Eight.  (*See* Defendant's Memorandum of Points and Authorities at 4-5 ("Def. Mem."), Doc. 812.)  Defendant has also moved for a new trial, pursuant to Federal Rule of Criminal Procedure 33, on the ground that she was prevented from introducing allegedly exculpatory testimony from a co-defendant, Eugene Marzette. (*See id.* at 6.)

---

[1]    On the first day of trial, the Court granted the Government's motion to dismiss Counts Two through Thirty-Nine of the Indictment as to Lynch.  (Doc. 791.)  Counts Two through Thirty-Nine charged all of the defendants, except for defendant Adel Alsibydes Cotton, with the filing of fraudulent income tax returns on behalf of thirty-eight individuals in violation of section 287.  (*See* Indictment ¶ 69.)

## II.     LEGAL STANDARDS

### A.     Federal Rule of Criminal Procedure 29

Federal Rule of Criminal Procedure 29 ("Rule 29) permits a court, upon motion by a defendant, to set aside a guilty verdict and "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Ninth Circuit applies a two-step inquiry when a conviction is challenged based on the sufficiency of the evidence. "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, (1979)). *See also McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard); *United States v. Thongsy*, 577 F.3d 1036, 1040 (9th Cir. 2009). "At this second step, however, a reviewing court may not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt,' only whether '*any*' rational trier of fact could have made that finding." *Nevils*, 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 318-19) (citation omitted, emphasis in original).

The court must bear in mind that it is the exclusive function of the jury "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, "[c]onflicting evidence is to be resolved in favor of the jury verdict, and 'all reasonable inferences are to be drawn in favor of the government.'" *United States v. Corona-Verbera*, 509 F.3d 1105, 1117 (9th Cir. 2007) (quoting *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1201-02 (9th Cir. 2000)).

3

**B.      Federal Rule of Criminal Procedure 33**

Under Federal Rule of Criminal Procedure 33 ("Rule 33"), a new trial may be granted upon a defendant's motion when the "interest of justice so requires."  Fed. R. Crim. P. 33(a).  For example, a new trial is warranted where the evidence weighs heavily against the verdict.  *See United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992).  As explained by the Ninth Circuit, "'[a] district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal.'  The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses."  *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (alteration in original) (quoting *Alston*, 974 F.2d at 1211).

The decision whether to grant a motion for a new trial lies "'within the sound discretion of the district court.'"  *Id.* (quoting *United States v. Steel*, 759 F.2d 706, 713 (9th Cir. 1985)).   However, the court's discretion is not unconstrained.  The court may only grant a new trial if it finds that "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred."  *Id.* (quotation marks and citation omitted).

**III.   DISCUSSION**

**A.      The Government's Evidence**

The Government introduced sufficient evidence at trial that Defendant either caused the filing of the Dillon and Pratt income tax returns or aided and abetted the persons who caused those returns to be filed with the IRS.  Furthermore, the Government's evidence was sufficient for a reasonable jury to find that the elements

of a section 287 violation were satisfied as to Counts Eighty-Seven and Eighty-Eight.  Pursuant to section 287, the crime of making a false statement to the United States has three elements.[2]  First, the defendant presented, or caused to be presented, a claim against the United States or an agency thereof.  Second, the claim was false, fictitious or fraudulent.  Third, the defendant knew that the claim was false, fictitious or fraudulent.  (*See* Jury Instructions at 46, Doc. 817.)  The jury was also instructed that Lynch could be found criminally liable on an aiding and abetting theory if the jury found as follows:

> 1)  A false claim against the United States was made by someone;
>
> 2)  The defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of making a false claim against the United States; and
>
> 3)  The defendant acted before the crime was completed.

(*Id.* at 47.)

Here, there was no dispute that Old Quest employees prepared Dillon's tax return, and James Tolbert, a co-conspirator charged in a related case, prepared Pratt's return.  Nor was there any dispute that both tax returns contained false information in an attempt to obtain fraudulent, over-inflated tax refunds.  Thus, the

---

[2]  Section 287 provides as follows:  "Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title."  18 U.S.C. § 287.

first and second elements of a section 287 violation were satisfied.   Furthermore, the Government introduced extensive evidence that those involved in the preparation and filing of the tax returns actually knew that the returns were fraudulent.  For example, Robert Meyer pled guilty and testified at trial that he told Lynch he believed the 1099-OID Program was illegal.  The Government also introduced evidence that Arturo Ruiz and Francisco Mendoza, the convicted masterminds of the OID scheme, were aware that the returns prepared at Old Quest were false and fraudulent.

With regard to Lynch's knowledge, the Government showed that as early as July 2009, Lynch reviewed an IRS publication discussing fraudulent OID tax refund schemes.  That publication warned that participation in an OID scheme could lead to criminal prosecution.  In addition, the Government introduced evidence that Lynch and other Old Quest employees were aware that the IRS was sending letters to Old Quest customers warning them that their tax returns were improper, had issued various alerts regarding illegal OID refund schemes, and was rejecting the vast majority of the OID returns submitted by Old Quest.  Lynch was also aware that the IRS raided the Old Quest office because it was suspected of committing tax fraud. Furthermore, Pratt testified that Lynch advised him to list his return as self-prepared because of the ongoing IRS investigation of Old Quest.  Finally, the enormous refunds requested in the Dillon and Pratt returns were, in themselves, sufficient to put a trained and licensed tax preparer such as Lynch on notice that the returns were fraudulent.

As for aiding and abetting, although Lynch did not actually prepare the Dillon and Pratt tax returns, she contributed in various ways to their ultimate filing.  The Government introduced evidence that Lynch:  1) introduced Dillon to Old Quest; 2) attended an Old Quest presentation with Dillon; 3) drove Dillon to an IRS office to collect records; 4) helped complete Old Quest paperwork on Dillon's behalf; 5)

checked on, and informed Dillon of, the status of her return; and 6) reviewed Dillon's return shortly before Dillon signed it.  In addition, Pratt testified that Lynch encouraged him to sign up with Old Quest and later pressured him to have an OID tax return prepared and filed.

### B.    Judgment of Acquittal

Defendant challenges the sufficiency of the evidence of her convictions, arguing that the acquittal on the conspiracy count precludes conviction on the substantive counts, as an aider and abettor, based on conduct that involved members of the conspiracy with whom she was tried.  This is an incorrect statement of the law.

It is well-established that aiding and abetting and conspiracy are two separate offenses.  *See United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984) (rejecting defendant's argument that his conviction for "aiding and abetting a bank robbery was fatally inconsistent with his simultaneous acquittal for conspiracy to commit bank robbery" as it was "entirely possible that the jury did not find a level of participation on [defendant's] part sufficient to establish that he agreed to rob the bank").  "Conspiracy requires proof of an agreement, which aiding and abetting does not."  *United States v. Stozek*, 783 F.2d 891, 894 (9th Cir. 1986) ("[E]ven assuming inconsistent verdicts were impermissible, [defendant's] conviction for aiding and abetting the misapplication of bank funds is not inconsistent with his acquittal on either the conspiracy or the mail fraud charges.") (citing *Iannelli v. United States*, 420 U.S. 770, 777 n.10 (1975)).  *See also United States v. Bayer*, 331 U.S. 532, 542 (1947) ("But the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself.") (citing *Pinkerton v. United States*, 328 U.S. 640, 644 (1946)).  "The crime of aiding and abetting occurs when a defendant associates with a criminal venture, purposefully participates in it, and seeks by his actions to make it succeed."

*United States v. Pena*, 949 F.2d 751, 755 (5th Cir. 1991).  "A person may aid and abet the commission of the crime without being a conspirator."  *Id.*  Accordingly, a defendant such as Lynch could aid and abet another member of a conspiracy even though she was acquitted of participating in that conspiracy.  *See United States v. McCall*, 298 Fed. App'x 591, 594 (9th Cir. 2008) ("'An acquittal for conspiracy does not preclude conviction for aiding and abetting unless the acquittal results in a finding of fact in favor of the defendant which is essential to the substantive offense.'") (quoting *United States v. Tierney*, 424 F.2d 643, 645 (9th Cir. 1970) and citing *Pereira v. United States*, 347 U.S. 1, 11 (1954)).

Here, the jury apparently found that there was insufficient evidence that Lynch entered into an agreement to file false and fraudulent tax returns.  But that same jury could have found, and presumably did find, that Lynch knew that false tax returns were being filed and that she actively assisted in those filings.  The Government's evidence was sufficient for the jury to find that Lynch had, in part, caused the filing of the Dillon and Pratt tax returns or, at the very least, that she aided, counsel, commanded, induced or procured others who prepared and filed those returns, such as Old Quest's employees and James Tolbert.  Because there was sufficient evidence to support Defendant's conviction on Counts Eighty-Seven and Eighty-Eight, her Rule 29 motion for a judgment of acquittal is DENIED.

## C.   New Trial

Defendant raises a separate argument in support of her request for a new trial, namely, that the denial of a trial continuance prevented her from introducing potentially exculpatory evidence from co-defendant Eugene Marzette.  This argument has already been addressed and rejected by the Court.  Lynch was originally scheduled to go to trial with co-defendant Marzette.  Marzette was then granted a continuance of his trial date so that his newly appointed attorney could prepare for trial.  Consequently, Lynch sought a continuance of her trial so that she

and Marzette could be jointly tried.  Lynch argues that she would have been able to present potentially exculpatory testimony from Marzette.  Presumably, Marzette would have invoked his Fifth Amendment right not to testify if called to testify at a trial before his own trial.  The Court denied Lynch's request for a continuance, stating as follows:

> Typically, a defendant who seeks to offer exculpatory evidence by a co-defendant moves to sever the trial so that the co-defendant's trial will proceed first and the codefendant will be more likely to testify at the defendant's subsequent trial. In exercising its discretion regarding such requests, the Court considers whether defendants have shown that (1) they would call the co-defendant at the severed trial; (2) the co-defendant would in fact testify; (3) the testimony would be favorable to defendants; and (4) the testimony would not be cumulative. *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991).  Here, the Court concludes that defendants have failed to show that Marzette would be willing to waive his Fifth Amendment privilege and testify at a joint trial.  Any rationale for refusing to testify in advance of his own trial would continue to be implicated in a joint trial. Thus, on that basis alone, defendants have failed to make a sufficient showing of the need to continue their trial. Nor, based on the declaration of counsel filed under seal and in camera, can the Court conclude that the testimony sought would be particularly exculpatory as to all defendants or that it would be non-cumulative.

(5/20/13 Order at 2, Doc. 719.)  Defendant has not presented any new information to warrant reconsideration of this prior ruling.  In sum, Defendant has failed to establish that this is the exceptional case where the Court should exercise its discretion to overturn the jury's verdict and order a new trial based upon the denial of her request for a continuance.  Accordingly, Defendant's request for a new trial is DENIED.

**IV. CONCLUSION**

      For the foregoing reasons, Defendant's Motion for Post-Verdict Judgment of Acquittal or a New Trial is DENIED.  Defendant will be sentenced as scheduled, on February 2, 2015, at 8:30 a.m.

**SO ORDERED:**

Dated:  January 5, 2015

JOSEPHINE L. STATON
_____

Honorable Josephine L. Staton
United States District Judge